David **TORRES–SEGURA**, Petitioner,

v.

Alberto R. **GONZALES**, Attorney General, Respondent.

No. 04–73148.

United States Court of Appeals, Ninth Circuit.

Submitted on briefs Oct. 20, 2006.*

Filed Nov. 9, 2006.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

David Paz–Soldan, Esq., Law Office of David Paz–Soldan, Los Angeles, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel Department of Homeland Security, San Francisco, CA, David Dauenheimer, DOJ—U.S. Department of Justice Civil Division/Torts Branch, Washington, DC, for Respondent.

Before: PREGERSON, GOULD, and CLIFTON, Circuit Judges.

## MEMORANDUM **

David Torres–Segura, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's ("IJ") order denying his application for cancellation of removal. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review for substantial evidence, *see Lopez–Alvarado v. Ashcroft*, 381 F.3d 847, 850–51 (9th Cir.2004), and we grant the petition for review.

Torres–Segura provided documentation of his physical presence beginning in 1990. To establish his physical presence from 1987 to 1990, Torres–Segura offered his testimony, as well as the testimony of a friend, and written affidavits from his uncle and friends. The agency determined that the friend's testimony contradicted that of Torres–Segura regarding where and with whom Torres–Segura lived from 1986 to 1989. However, because the record shows that the testimonial discrepancies were minor and the IJ did not make an explicit adverse credibility finding, the agency erred in concluding that Torres–Segura failed to establish that he had accrued ten years of continuous physical presence in the United States. *See* 8 U.S.C. § 1229b(b)(1)(A); *Lopez–Alvarado*, 381 F.3d at 851–54 (noting that where the agency did not make an adverse credibility determination and "raised only minor points that can hardly be said to undermine the substantial evidence of physical presence," aliens's testimony and affidavits were sufficient to establish the requisite continuous presence).

We remand to the agency for further proceedings consistent with this decision. *See INS v. Ventura*, 537 U.S. 12, 16, 123

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam).

**PETITION FOR REVIEW GRANTED; REMANDED.**

